## SHATTUCK v. CASSIDY and SMITH.

The defendants, who were trustees to sell lands situate in New-Jersey and residents there, sold the property in New-York. Upon a bill, by the purchaser, for specific performance, filed here, one of the defendants was served with subpœna here; and, appeared. He then put in a plea to the jurisdiction, which was overruled; inasmuch as the court, having obtained jurisdiction over his person, could, notwithstanding the land was out of the state, decree the delivery of a deed and enforce it by process in personam.

October 18, 1837.

Jurisdiction.
Plea.

BILL for specific performance; and to restrain a sale or conveyance to any one other than the complainant.

The defendants, Samuel Cassidy and Abel J. Smith, who resided in the state of New Jersey, were (under a special act of the legislature of that state) trustees for the sale of the real estate of Anna Hornblower, deceased, late a resident also of New Jersey. This estate was also situated within the latter state. The trustees sold it in the city of New-York, by public auction; and the complainant was one of the purchasers. He complied with the conditions of sale; and found it necessary to file the present bill. It appeared, by the bill, that, upon the idea of a suit being commenced, the defendant, Mr. Cassidy, wrote a letter from Jersey City to the solicitor of the complainant residing in New-York, in which he said "——— and both of us" (himself and his co-trustee, the defendant, Smith,) " will go to the city at any time and submit to the service of process, if you wish it, or we will be at home at any time for the same purpose, if you will notify us."

The defendant, Cassidy, was served with subpœna within the state of New-York; and appeared and put in a plea to the jurisdiction: "—— and for plea saith, that the matters in the said bill of complaint contained, relate exclusively to real property situate in the state of New Jersey, out of the jurisdiction of this court, and to the powers and duties of the defendants in their capacity of trustees specially constituted by an act of the legislature of the state of New Jersey; and one of the said trustees, to wit, the defendant, Abel G. Smith, was, at the time of exhibiting the said bill and still is absent from the state of New-York and both of them were at the time of exhibiting the said bill and still are citizens of and inhabitants and residents in the said state of New Jersey. And that if the said complainant be entitled, in a court of equity, to any discovery or relief from or against the said defendants, touching the matters contained in the said bill or any of such matters, the court of chancery of the state of New Jersey has jurisdiction and can and may take cognizance thereof and is fully competent to decree and enforce all such discovery and relief. All which matters, &c."

Mr. *G. Wood*, for the defendant, Cassidy, and in support of the plea.

Mr. *G. W. Morris*, for the complainant.

THE VICE-CHANCELLOR:—The contract, which the bill seeks to have performed, was made here; and the defendant, Cassidy, has voluntarily submitted to the jurisdiction of this court. His letter, set out in the bill and not denied, has this effect as respects himself, at least; if not as to his co-defendant. He was, moreover, as it may be presumed, voluntarily within the jurisdiction, to be served with process. The court has, therefore, obtained jurisdiction over the person of this defendant; and, although the subject matter of the contract is land lying out of the state, it is competent for the court to make a decree respecting the delivery of the deed according to the contract of sale, to be enforced by process *in personam*.

The cases on this subject are recognized by Chief Justice Marshall in *Massie* v. *Watts*, 6 Cranch, 158, 160, and by this

court in *Ward* v. *Arredondo,* Hopkins, 213, and *Mead* v. *Merritt,* 2 Paige, 402; *Mitchell* v. *Bunch,* Ib. 606. It can make no difference that the defendants are trustees appointed by a special act of the legislature of New-Jersey. The exercise of their powers is not limited or confined to that state: for they came into New York to make sales of the property; and here they can as well perform their contract as in New Jersey.

But it is said, this court has not power over the person of the defendant, Smith, to compel obedience to its decree and that a valid conveyance of the property cannot be made without his concurrence. I think, however, the defendant, Cassidy, cannot be permitted to urge this objection by plea to the jurisdiction. So far as he is concerned this court has acquired jurisdiction; and it is not for him to say, that the court of chancery in New Jersey has an exclusive jurisdiction. A valid plea to the jurisdiction of this court must show that some other court has exclusive jurisdiction: Willis's Eq. Pl. 495, (n); Beames, 91. By statute, this court may proceed to make a decree against an absent or non-resident defendant so as to become binding upon him; and it remains to be seen, whether this can be done when the cause shall be brought to a hearing.

The plea must be overruled, with costs; and leave is given to the defendant to set up the objection, of a want of jurisdiction, in an answer. (*a*)

(*a*) As bearing somewhat upon the above case, see an interesting article in the 8 vol. of the London Monthly Law Magazine, p. 16: *On the jurisdiction of courts of equity over contracts for the sale of lands in foreign countries.*