JOHN M. SMITH, APPELLANT, v. SETH A. TOZER, RESPONDENT, IMPLEADED, ETC.

*Receiver in supplementary proceedings — the title to only such real estate of the debtor as lies within this State is vested in him — Code of Civil Procedure, sec. 2468.*

Upon an appeal by the plaintiff from an order made at a Special Term denying his motion that 'the court direct and require the defendant to execute and deliver to the receiver — appointed in supplementary proceedings instituted upon the judgment recovered in this action — a conveyance of his interest in lands situate in the State of Illinois, and punish him, for contempt, because of his disobedience of an order of the county judge of Ontario county directing him to make such conveyance:

*Held*, that the order should be affirmed.

That the power conferred by sections 297 and 298 of the old Code upon the judge acting in such proceedings to order any property of the judgment debtor, not exempt from execution, to be applied towards the satisfaction of the judgment, ceased upon the repeal of these sections by chapter 417 of 1877.

That although this court may and will exercise its equity powers at Special Term upon motions to compel conveyances to be made to receivers, in actions where the facts and circumstances are such as not to require a trial of issues in an action brought for the purpose of determining the question upon which the right to relief depends, yet it could not make the order applied for in this case, for the reason that the title to the real estate in Illinois was not vested in the receiver, as section 2468 of the Code of Civil Procedure, providing for the vesting of the property of the judgment debtor in the receiver, expressly excepts "real property," the title to which is "only" to vest in him from the time when the order, or a certified copy thereof, is filed with the clerk of the county where

it is situated, thereby requiring the *situs* of all real estate, to be vested in him, to be within the limits of this State.

That the plaintiff's remedy was by a judgment creditor's action under the provisions of article 1 of title 4 of chapter 15 of the Code of Civil Procedure.

APPEAL from an order of the Monroe Special Term, denying the plaintiff's motion for an order directing and requiring the defendant to execute and deliver to a receiver conveyances of his interest in lands situate in the State of Illinois, and to punish him for contempt for disobedience of the order of the county judge of Ontario county directing him to make such conveyance.

*H. M. Field,* for the appellant.

*Spencer Gooding,* for the respondent.

BRADLEY, J.:

The plaintiff recovered, in an action in this court, judgment against Seth A. Tozer and another defendant, upon which execution against the property of the defendants was returned unsatisfied. Thereupon, proceedings supplementary to execution were instituted before the county judge of Ontario county against the defendant Seth A. Tozer, and, after his examination, a receiver of his property was appointed by the order of such county judge, and by the order such defendant was directed to execute and deliver to the receiver "a proper assignment and conveyance of all his lands and real estate wherever the same are situated, and particularly the lands and real estate in the counties of Williamson and Platt, in the State of Illinois." This order was duly filed and recorded in the office of the clerk of Ontario county, January 19, 1886 And the receiver having duly qualified, served the defendant with such order, and thereafter presented to him for execution quit-claim deeds of the Illinois lands in question and requested him to execute them, which the defendant refused to do.

This motion was then, upon due notice to the latter, made and denied.

On the part of the plaintiff it is contended that the order of the county judge was an effectual requirement for the execution of a conveyance to the receiver of such lands, and that his refusal to do so charged him with contempt, and subjected him to punish-

ment as the consequence. No question is made as to the manner of bringing him before the court for that purpose; and it is unnecessary to inquire whether it could be done otherwise than by an order to show cause. The question is one of power of the judge to direct by order the execution of the conveyance to the receiver. It was within the power of the judge in such proceeding given by the old Code to order any property of the judgment debtor, not exempt from execution, to be applied towards the satisfaction of the judgment (sec. 297) and to appoint a receiver with ample powers to consummate the purposes of such order. (Sec. 298.) And it was held that those provisions made an order of the judge before whom the proceedings were had effectually operative upon the judgment debtor in respect to his lands situated outside the State. (*Fenner* v. *Sanborn*, 37 Barb., 610.) In that view, the inquiry here is whether there has been any modification of the statute to deny such effect to the order in question. Those sections were repealed by Laws of 1877 (chap. 417). And the Code of Civil Procedure supplies all the provisions now relating to proceedings supplementary to execution as such.

The power of the judge in them is wholly dependent upon the statute. There is no remaining provision of the statute authorizing the judge to order the application towards the payment, or the delivery, or transfer, to the receiver for such purpose of any other than personal property of the judgment debtor. (Code Civil Pro., § 2447.) The direction in the order to assign or convey the real property, situated in the State of Illinois, was not within the power of the judge and, therefore, the judgment debtor was not in contempt. The judge may appoint a receiver, in whom the property of such debtor becomes vested by force of the statute, subject to certain exceptions. (Id., 2468.) The powers of the receiver are ample to reach and make available the property of the judgment debtor within the jurisdiction of the court, and there is no apparent reason why aid may not be given, by the direction of the court, requiring him to transfer to the receiver any of his property outside the State which becomes vested in the receiver by virtue of his appointment. The equity power is inherent in this court, having jurisdiction of the person of a judgment debtor to require him to transfer to the receiver any property so vested in the latter, when

such transfer is necessary to its appropriation by him for the purposes of the trust, although such property is beyond the jurisdiction of the court. (*Mitchell* v. *Bunch,* 2 Paige, 606–615; *Bailey* v. *Ryder,* 10 N. Y., 363; *Fenner* v. *Sanborn,* 37 Barb., 610.) And for other purposes the court, having like jurisdiction of the party, has frequently exercised its power of requiring him to perform acts relating to property beyond the State, when his duty to do so has been judicially declared. (*Newton* v. *Bronson,* 13 N. Y., 587; *Gardner* v. *Ogden,* 22 id., 327; *Williams* v. *Fitzhugh,* 37 id., 444; *Shattuck* v. *Cassidy,* 3 Edw. Ch., 152.) This court, in an action by the receiver, might require the defendant to transfer or convey to him any property vested in him, which may be in another State when such transfer or conveyance is necessary to its proper appropriation in the execution of the trust. And this court may and will exercise equity powers at Special Term, upon motions, in actions, when the facts and circumstances are such as not to require a trial of issues in an action for the proper determination of the questions upon which the right to relief depends. (*Wetmore* v. *Law,* 34 Barb., 515–517; *Hale* v. *Clauson,* 60 N. Y., 341.)

Although this is a special proceeding, it is such in the action, and auxiliary to the purpose of enforcing the collection of the judgment, which is one of the purposes for which the action was brought. And the legitimate remedies attendant upon the proceeding, and to render it effectual, so far as the orders of the court may be required, are taken as in the action. When the receiver was appointed he became subject to the direction and control of the court. (Sec. 2471.) No dispute of the facts appeared by the papers upon which this motion was heard, and the question presented is whether the direction asked for came within the power of the court.

This, in the view taken, depends upon the right the receiver took by his appointment, by force of the statute, to the property in question. The statute provides that the property of the judgment debtor is vested in the receiver from the time of filing the order appointing him, subject to the exceptions that real property is vested in the receiver, only from the time when the order or a certified copy is filed with the clerk of the county where it is situated, etc. (Code Civil Pro., § 2468.) The real property in Illinois cannot

come within the exception, nor is any real property vested in the receiver which does not come within it, because, by the terms of the section, all the real property vested in the receiver is that embraced within the exception, and its *situs* must be in this State.

If the exception by qualification in terms had limited the real property mentioned in it to that situated in this State, the vesting provision of the section might have a broader construction, but as it is, the only real estate which the receiver is permitted to take, by force of this section is that which is situated in a county where the order may be filed. And our attention is called to no other provision of the statute enlarging the power of a receiver appointed in such proceeding in the respect in question. The plaintiff, however, is not without remedy. The provisions taking the place of the statutory creditors' bill for discovery, etc., authorized by the Revised Statutes (pt. 3, chap. 1, tit. 2, art. 2), and somewhat enlarging them, furnish a requisite remedy (Code Civil Pro., chap. 15, tit. 4, art. 1), as in such an action the court may, by judgment, appoint a receiver, and direct the judgment debtor to convey to him, etc. (Id., § 1877.) The difficulty in the way of relief by motion here is found in the qualified power of the receiver. He is not vested with the real property of the debtor situate without the State and, therefore, could not by action, or any proceeding *in invitum*, acquire a conveyance from him.

The views taken lead to the conclusion that the order should be affirmed.

SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

Order affirmed, without costs.